USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __4/15/2021__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

**HV ASSOCIATES LLC, HARSHI VASHISHT**
and **VISHAL HASHISHT**,

                          **Plaintiffs,**

          v.

**PNC BANK, N.A., RBC CAPITAL MARKETS,**
**LLC,** and **JOHN DOES 1-10,**

                         **Defendants.**

------------------------------------------------------------------: x

**1:19-cv-07438-ALC-BCM**
<u>**ORDER**</u>

**ANDREW L. CARTER, JR., District Judge:**

      On October 14, 2020, Plaintiffs filed a motion asking the Court to reconsider its September 30, 2020 Opinion and Order dismissing the Second Amended and Supplemental Complaints. ECF No. 144. For the reasons that follow, the Motion for Reconsideration is DENIED.

      A motion for reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sigmon v. Goldman Sachs Mortgage Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) (citations omitted). A court will grant such a motion only where the party seeking reconsideration "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and quotation marks omitted). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). The decision to grant or deny a motion for reconsideration is committed to the sound discretion of the district court, but in exercising that discretion, the court "must be mindful that a motion for reconsideration is not favored and is

1

properly granted only upon a showing of exceptional circumstances." *Boyd v. J.E. Robert Co.*, No. 05-CV-2455, 2013 WL 5436969, at *2 (E.D.N.Y. Sept. 27, 2013), *aff'd*, 765 F.3d 123 (2d Cir. 2014) (quoting *Nakshin v. Holder*, 360 Fed.Appx. 192, 193 (2d Cir. 2010)) (quotation marks omitted).

Plaintiffs purport to identify several conclusions that the Court should reconsider. However, Plaintiffs fail to clear the high bar for reconsideration because Plaintiffs identify neither intervening change of controlling law, nor new evidence, nor any need to correct a clear error or prevent manifest injustice. Rather Plaintiffs re-make arguments the Court has already considered, or else make arguments that were not made in opposition to the motion to dismiss, and could have been. For example, Plaintiffs attempt to relitigate the applicability of equitable tolling and the impact of tolling agreements by advancing arguments the Court already considered and rejected. Mot. at 8.

Plaintiffs also argue that the Court improperly concluded that Vishal resided in Canada when his contract was breached, although he maintained a residence in New Jersey. But, Plaintiffs never raised any argument that Vishal was a New Jersey resident in opposition to the motion to dismiss generally or in relation to the choice of law analysis in particular.[1] Indeed, many of the allegations on which the argument rests were not pleaded in the Second Amended Complaint at all, but were presented for the first time to the Court on this motion for reconsideration. Plaintiffs acknowledge as much by offering to submit affidavits in support of these allegations. Mot. at 4.

Plaintiffs make a similar attempt to introduce new allegations in relation to Vishal's employment at Barclays, alleging for the first time that CM LLC contacted Barclays and precipitated Vishal's termination. This new allegation is made in spite of the fact that Plaintiffs

---

[1] Additionally, the Court concluded that Vishal's breach of contract claim would be untimely even if a 6-year statute of limitations, like New Jersey's, applied. ECF No. 139 at 10 n.2.

2

specifically alleged that Vishal was terminated as part of downsizing, rather than for cause. SAC ¶ 186. A motion for reconsideration is not an opportunity to advance new theories or for a second bite at the apple, which is what Plaintiffs clearly seek here.

Plaintiffs requested leave to amend the operative complaint if the Court declined to reconsider its prior conclusions. Even this request rehashes one already made to this Court and rejected. On the initial motion, the Court denied the request to replead because Plaintiffs declined to amend the Second Amended Complaint although its deficiencies had been identified by several opinions from the New Jersey Judge that previously presided over this case, as well as by pre-motion letter-briefs. Op. at 25-26. That reasoning applies with equal force here. Furthermore, all of the arguments advanced in the motion for reconsideration to permit Plaintiffs to replead could have been included in the initial motion, and were not. Accordingly, the Court declines to grant Plaintiffs leave to amend the operative complaint.

The Court concludes that none of the arguments made by Plaintiffs canvassed above, nor any others in the Motion, clears the high bar for reconsideration. Accordingly, Plaintiffs' motion for reconsideration is DENIED.

**SO ORDERED.**

**Dated: April 15, 2021**
         **New York, New York**

                                                            _____
                                                            **ANDREW L. CARTER, JR.**
                                                            **United States District Judge**